UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                 No.1:08-CR-212-01

    v.

                                       Hon. Robert J. Jonker
MICHAEL CLARK,                  United States District Judge

                    Defendant.
_____/

## MOTION FOR DOWNWARD DEPARTURE AND SUPPORTING BRIEF

The United States of America, by and through its attorneys, Donald A. Davis, United States Attorney for the Western District of Michigan, and Brian P. Lennon, Assistant United States Attorney, moves for a two or three-level downward departure from Defendant Michael Clark's final guideline range as computed by the Court, pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e).  This departure request is based on Defendant Clark's substantial assistance to the United States as described and more fully set forth below.

### Brief In Support Of Motion For Downward Departure

### Background

On September 11, 2008, a grand jury in this district returned a three-count Indictment charging Defendant Michael Clark and others in Count One with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack) and 100 grams or more of heroin in Berrien County, Michigan, between 2005 and August 25, 2008.  R.1: Indictment. Defendant Clark was arrested on October 8, 2008 and was released on bond two days later, provided he reside at the Kalamazoo Probation Enhancement Program (KPEP) in Kalamazoo.

On December 18, 2008, Defendant Clark and his original defense counsel, Paul
Denenfeld, participated in a proffer interview at the Federal Building in Kalamazoo.  Defendant
Clark was the first of his co-defendants to agree to cooperate with investigators.  During this
initial proffer interview, Defendant Clark admitted to selling controlled substances starting in
2004.  He provided detailed information about his cocaine and later heroin suppliers.  Defendant
Clark provided detailed physical descriptions of these individuals, some of whom were known to
law enforcement.  He also identified several of these individuals from photographs provided by
law enforcement.  The information Defendant Clark provided included "street" and proper
names, drug quantities, costs, meeting locations, telephone numbers and other pertinent
information that proved valuable to law enforcement.  Defendant Clark's information pertained
to drug traffickers both in Southwest Michigan and Chicago, Illinois.  He was willing to travel to
Chicago to identify some the of locations about which he spoke.

Most importantly to undersigned government counsel, Defendant Clark provided detailed
information about several high-priority targets operating in the Benton Harbor area for the past
several years – targets who escaped prosecution during the prosecution of the Vineyard
Gangsters street gang in 2005 and 2006, and the Bishop Boys street gang in 2007 and 2008.
Defendant Clark was prepared to testify before a federal grand jury earlier this month, but
because of a clerical and logistical error, the government did not have him available for that
grand jury appearance.  Defendant Clark's information will be either presented through the case
agent or, if available, he will be scheduled to testify in July 2009, when the United States intends
to seek several indictments.

Defendant Clark pled guilty to Count One of the Indictment on February 18, 2009. Following his guilty plea, he was remanded to the U.S. Marshals Service pending sentencing.

A Presentence Investigative Report was ordered and prepared in this case. The United States Probation Office is recommending a Total Offense Level of 31 and a Criminal History Category of III, resulting in an advisory guideline range of 135-to-168 months. *See Id*. at ¶¶ 74, 76, 88, 125 and Addendum. The parties signed a Rule 11(c)(1)(C) plea agreement with a 130-month sentencing cap. R.56: Plea Agreement. The U.S. Probation Office is recommending a sentence of 130 months. PSIR at Addendum. There are no unresolved objections to the Presentence Investigative Report.

## Argument

Section 5K1.1 of the United States Sentencing Guidelines provides:

§5K1.1          Substantial Assistance to Authorities (Policy Statement)

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a)     The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1)     the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)     the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)     the nature and extent of the defendant's assistance;

-3-

(4)    any injury suffered, or any danger or risk of injury to the defendant
       or his family resulting from his assistance;

(5)    the timeliness of the defendant's assistance.

This section implements the Congressional mandate of 28 U.S.C. § 944(n) that:

> The Commission shall assure that the guidelines reflect the general
> appropriateness of imposing a lower sentence than would
> otherwise be imposed, including a sentence that is lower than that
> established by statute as a minimum sentence, to take into account
> a defendant's substantial assistance in the investigation or
> prosecution of another person who has committed an offense.

28 U.S.C. § 944(n).

Once the United States has filed a motion for reduction of sentence, the extent of any

such reduction is within the Court's discretion, subject to other considerations like mandatory

minimum sentences.  *See e.g. Melendez v. United States*, 116 S.Ct. 2057 (1996) (If the

government only requests a departure from the applicable guideline range and not from the

mandatory minimum, the court lacks the power to disregard the mandatory minimum).

Undersigned government counsel has been authorized to move for a release of the 120-month

mandatory minimum, pursuant 18 U.S.C. § 3553(e).  Consequently, this motion is made pursuant

to U.S.S.G. §5K1.1 and 18 U.S.C.  § 3553(e).  Moreover, while the extent of the requested

reduction is within the sentencing court's discretion, the reduction must be based "solely upon the

'substantial assistance' rendered by the defendant and the district court cannot impose a sentence

which is either specifically prohibited by the statute or unreasonable." *United States v Snelling*,

961 F.2d 93, 97 (6th Cir. 1992).

In determining the extent of any reduction, the Court should give substantial weight to the

United States' evaluation of the extent of the Defendant's assistance.  *See* U.S.S.G. §5K1.1,

-4-

Application Note.  In this case, the United States evaluates the factors listed in §5K1.1(a) as

follows:

1.      United States' evaluation of the assistance rendered:

>       Defendant Clark's cooperation has included at least two
>       detailed proffer interviews with investigators beginning in
>       December 2008 -- shortly after he was arrested and
>       appointed counsel.  During these interviews, he admitted to
>       his own illegal activity and provided information about the
>       drug-trafficking activities of others in Southwest Michigan
>       and the Northern District of Illinois.  He was prepared to
>       testify before a grand jury in June investigating several
>       high-priority drug traffickers from Benton Harbor.  He will
>       either testify next month or his information will be
>       provided to the grand jury through the case agent.

2.      Truthfulness, completeness, and reliability of information or testimony provided
        by the Defendant:

>       Defendant Clark's information appears to be truthful,
>       complete, and reliable, as it has been corroborated to a
>       significant degree by physical evidence seized, records
>       obtained throughout the investigation, and the statements
>       and testimony of other witnesses.

3.      Nature and extent of the Defendant's assistance:

>       Defendant Clark's assistance has consisted of meetings
>       with FBI special agents and task force officers from Berrien
>       County.  He was prepared to testify before a federal grand
>       jury in June 2009.

4.      Danger or risk to the Defendant or his family resulting from assistance:

>       The United States has no information that Defendant Clark
>       or his family has been harassed or intimidated because of
>       his cooperation with law enforcement.

     5.     Timeliness of the Defendant's assistance:

> Defendant Clark was the first of his co-defendants to cooperate with law enforcement.  He sat down with investigators for his proffer interview two months after his arrest.

The United States Attorney's office contends that Defendant Michael Clark has provided the United States with "substantial assistance" and respectfully suggests that a two or three-level downward departure may be appropriate in this case at this time, pursuant to Section 5K1.1 of the Sentencing Guidelines.  Moreover, pursuant to 18 U.S.C. § 3553(e), the government moves for the waiver of the 120-month mandatory minimum in this case as a result of Defendant Clark's substantial assistance.  Defendant Clark admitted his guilt in this matter early in the case, he fully cooperated with investigators, and he entered a timely guilty plea.  Moreover, the information he provided to law enforcement is believed to be truthful, reliable and complete, and he has promised to continue cooperating with law enforcement.

     Respectfully submitted,

     DONALD A. DAVIS
     United States Attorney

Dated: June 30, 2009     /s/ Brian P. Lennon
     BRIAN P. LENNON
     Assistant United States Attorney