UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                          No. 1:08-CR-212

v                                          Hon. Robert J. Jonker

MICHAEL CLARK,

                    Defendant.

**DEFENDANT'S MOTION FOR VARIANCE**

I.     <u>Introduction</u>

       Michael Clark pled guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base and 100 grams or more of heroin in violation of 21 U.S.C.A. § 841(a)(1) on February 24, 2009.  The Presentence Investigation Report (PIR) calculates Mr. Clark's total adjusted offense level at 31 and calculates Mr. Clark's criminal history category at III resulting in an advisory sentencing guideline range of 135-168 months.  The Government has file a motion for a two to three level downward departure and a release of the mandatory minimum sentence pursuant to U.S.S.G.§ 5K1.1.  We ask that this Honorable Court consider the Government's motion as well as these additional factors when determining an appropriate sentence in this matter.

II.    <u>Sentencing Considerations</u>

       This Honorable Court is charged under 18 U.S.C.A. § 3553(a) with imposing a sentence that is "sufficient, but not greater than necessary*"* to comply with the purpose of sentencing outlined in

the statute. *See* 18 U.S.C.A. § 3553(a), *Rita v. United States,* 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007), *United States v. Kimbrough*, 128 S.Ct. 556, 169 L.Ed.2d 203 (2007). Therefore, the Court's primary purpose is to be parsimonious in meting out a sentence. In determining the sufficient sentence, the Court is to consult the sentencing guidelines, but clearly under *Booker, Gall, Rita* and *Kimborough*, the Court is not to be controlled by them. The Supreme Court recently reiterated in *Gall*, 128 S.Ct. at 602, that "the Guidelines are not mandatory, and the range of choice dictated by the facts of the case is significantly broadened." *Gall* requires that in addition to considering the Guidelines, the "district judge should...consider all of the 3553(a) factors to determine whether they support the sentence requested by the party. In doing so, he may not presume the guideline range is reasonable. He must make an individualized assessment based upon the facts presented."

Section 3553(a) sets forth a template for the Court to use in determining a sufficient sentence.

A.     *The nature and circumstances of the offense and the history and characteristics of the defendant.*

(1)     *The nature and circumstances of the offense.*

Mr. Clark cannot and will not down play the seriousness of his offense. Drug distribution is a serious problem that has particularly plagued the Benton Harbor area and Mr. Clark contributed to that problem. Mr. Clark recognizes that his actions were inexcusable and has made efforts to atone for his wrongdoing by fully cooperating the government in its efforts to curb drug trafficking in Southwest Michigan.

(2)     *The characteristics of the defendant.*

Mr. Clark has certainly made mistakes in his life. However, as correctly noted in the PIR, his criminal history is relatively minor. Since the age of 18, Mr. Clark has only two criminal

2

convictions that resulted in the assessment of any points to his criminal history category.  Mr. Clark has only one felony on his record - a 1995 carrying a concealed weapon conviction.  Mr. Clark's criminal history suggests that he can be rehabilitated by a reasonable term of incarceration.

Mr. Clark has a substance abuse problem that was certainly a contributing cause to his criminal activities.  Mr. Clark used heroin approximately two to three times a week beginning at the age of 19.  See PIR ¶ 110.  At the age of 25, he added cocaine to mix  using 3.5 grams per week with his friends.  See PIR ¶ 111.  Mr. Clark's addiction to heroin and cocaine fed his need to make easy money by selling the very product he was at first just buying from other dealers.  Ironically, as the other dealers in the area began to get arrested, Mr.  Clark suddenly found himself becoming the go-to guy for some of the very people with whom he once used.

Since his arrest for the instant offense, Mr. Clark has adjusted his behavior accordingly.  Mr. Clark obtained and maintained full time employment as a laborer at Stresscom in Kalamazoo, Michigan from October 2008 until his remand in February 2009 while under pretrial supervision of the United States Probation Office.  By all accounts, Mr. Clark was a model employee who reliably showed up for work everyday and obtained excellent performance reviews.  Mr. Clark complied with all conditions of his pretrial release and did not test positive for any narcotics or alcohol while under pre-trial supervision.  Mr. Clark's behavior during the period of his pretrial release indicates that he can modify his behavior to become a productive member of society and bodes well for his prospect of rehabilitation.

B.      The need for the sentence imposed to:

(1)      Reflect the seriousness of the offense, to promote respect for the law, to provide just punishment;

3

(2)     *Deterrence;*

(3)     *Protection of the public;*

A prison sentence of any length will certainly accomplish all of these objectives.  The distribution of heroin and crack cocaine is a serious offense that needs to be punished.  In this matter, Mr. Clark  understands that he should expect a significant sentence in light of the offense for which he has pled guilty.  However, Mr. Clark's cooperation with the government and his  behavior while under the supervision of the probation department indicates that Mr. Clark is already deterred from engaging in the type of behavior that brings him before this Honorable Court.  Furthermore, nothing in Mr. Clark's history indicates that he is someone from which the public needs protection.  A sentence under the mandatory minimum of 10 years will certainly accomplish all of the aforementioned objectives of sentencing.  A sentence below the statutory minimum also acknowledges Mr. Clark's cooperation and provides incentive to other potential defendants to cooperate with the government.

(4)     *Educational, vocational, medical, and other*
         *correctional treatment to be provided effectively.*

The root of Mr. Clark's involvement in the instant matter is his addiction to heroin and cocaine.  While his addiction certainly does not excuse his behavior, it is a characteristic that needs to be addressed should Mr. Clark have any real chance at a complete rehabilitation.  Mr. Clark has never received the benefit of drug counseling.  See PIR ¶ 112.  Mr. Clark would like to avail himself of the 500-hour drug/alcohol treatment program in order to address the root cause of his legal troubles.

C.     *The Guidelines.*

4

Note, this is but one of several factors and not the primary consideration in sentences post *Booker* and *Gall*. In fact, the Guidelines are now "effectively advisory." *Booker*, 543 U.S. 220, 244, 125 S.Ct. 738 (2005). The point is that the guideline range is to be calculated and consulted, nothing more, as the sentencing court seeks to determine the "sufficient" sentence. The sentencing court has the discretion to give very little weight to a guideline score it does not deem to meet the parsimony principle.

When the Court takes the guidelines into account, the Supreme Court has made it clear that the guidelines for crack should be given less weight and deference. *Kimborough*, 128 S.Ct. At 575. As the Court explained, because the Sentencing Commission drastically increased sentences in crack cases without providing any empirical justification for that increase, this Court may properly conclude that the Guidelines result in a sentence that is greater than necessary to meet the 3553(a) purpose of punishment.

The United States Department of Justice now recognizes the unfair disparity between the crack and powder cocaine cases. In recognition of this disparity, the Government has adopted the position that courts should adopt a 1:1 ration between cocaine base and powder cocaine. The PIR correctly points out that Mr. Clark's offense level would not be affected should the court adopt that 1:1 ration. That being said, Mr. Clark still requests that this Honorable Court adopt the Government's proposed 1:1 ratio as it may affect this Court's decision as to where to sentence Mr. Clark within the advisory guideline range. Should this court adopt the 1:1 ratio advocated by the Government, Mr. Clark would fall at the low end of the weight range (4,319.4 kilograms of marijuana equivalent) for base offense level 34. To the extent that this Court's sentence determination is influence by the sentencing guideline range, the Defense requests that this point be

5

considered when determining an appropriate sentence.

       D.    *The type of sentences available.*

Reality dictates that Mr. Clark concedes that prison is the only available sentence in this matter.  He asks for placement in a facility that is relatively near his home in Southwest, Michigan.

IV.    <u>Conclusion</u>

Mr. Clark committed a serious offense that warrants a incarceration.  However, he has made genuine efforts to atone for his transgressions and to rehabilitate himself.  This court has wide discretion to depart from the advisory sentencing guideline range in light of the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1.  We ask that this Court grant the Government's motion pursuant to U.S.S.G. § 5K1.1 and award a 3 downward departure in recognition of Mr. Clark's cooperation.  We also ask that this Court be parsimonious in meting out a sentence that is sufficient but not greater than necessary to satisfy the purpose of sentencing outlined in 18 U.S.C.A. § 3553(a).

DATED: June 30, 2009                 <u>s/  Michael R. Bartish</u>
                                       Michael R. Bartish (P65097)
                                       Attorney for Defendant
                                       WILLEY & CHAMBERLAIN, LLP
                                       40 Pearl Street, N.W., Suite 940
                                       Grand Rapids, Michigan 49503
                                       Telephone:  (616) 458-2212
                                       mrb@willeychamberlain.com