UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,                              No. 1:08-cr-212

      vs.                                    Hon. Robert J. Jonker
                                               U.S. District Judge

MICHAEL DAVID CLARK,

        Defendant.
_____/

## BRIEF IN SUPPORT OF GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE

Pursuant to Rule 35(b)(1) of the Federal Rules of Criminal Procedure, the government seeks a 27-month reduction in defendant Michael David Clark's 97-month sentence. This motion is based on his substantial assistance to the government.

### Procedural History

On September 11, 2008, Clark was charged with (1) conspiracy to distribute more than 50 grams of crack and more than 100 grams of heroin, and (2) possession with intent to distribute crack. (Doc. No. 1: Indictment.) He pled guilty to the conspiracy charge on February 24, 2009, pursuant to a plea agreement in which he agreed to cooperate with the government. (Doc. No. 60: Minutes of Change of Plea; Doc. No. 56: Plea Agreement.) The conspiracy charge to which Clark pled carried a mandatory minimum of 120 months. His sentencing guidelines were offense level 31 and criminal history category III, resulting in a guideline range of 135-168 months. Prior to sentencing, the government filed a USSG § 5K1.1 motion seeking a downward departure of two or three levels based on Clark's substantial assistance to the government due to

1

his December 18, 2008, proffer of information concerning criminal activity. (Doc. No. 69: Gov't Motion for Downward Departure.) At sentencing on July 6, 2009, the Court granted the government's motion and sentenced Clark to 97 months in prison. (Doc. No. 81: Judgment.)

### Defendant's Additional "Substantial Assistance"

On December 18, 2008, Clark gave a proffer interview in which he provided information about his cocaine and heroin suppliers. (Doc. No. 69: Gov't Motion for Downward Departure.) He provided detailed information about the suppliers and identified them from photographs provided by law enforcement. (*Id*.) More important to the government at the time was his information concerning gang activity in the Benton Harbor area. (*Id.*) This assistance served as the basis for the § 5K1.1 motion the government filed prior to sentencing. (*Id.*)

Since then, Clark submitted to two more proffer interviews, in which he provided more information about his drug suppliers. In the spring of 2012, he testified about his dealings with those individuals. Two of those dealers were subsequently indicted for conspiracy to possess with intent to distribute 100 grams or more of heroin, and other charges, and have since pled guilty and were sentenced. While Clark initially provided the information about the two drug dealers in 2008, within one year of his sentence, the full extent of his assistance to the government was not known until 2012-2013, when the drug dealers he provided information about were indicted, pled guilty, and were sentenced.

Rule 35(b)(2)(B) provides that the Court may reduce a sentence more than one year after sentencing if the defendant's substantial assistance "involved information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing." In this case, Clark submitted to a proffer interview in 2008, at the time he pled guilty. That information was the basis for his 2012

2

testimony and his potential testimony in 2013.  Thus, the information did not become useful to the government until 2012-2013 -- more than a year after Clark's sentencing on July 6, 2009.  Clark therefore qualifies for a reduction of sentence under Rule 35(b)(2)(B).

The Court has broad discretion to consider a number of contextual factors in determining the value of Clark's substantial assistance and thus, the extent of the reduction.  *United States v. Grant*, 636 F.3d 803, 816-17 (6th Cir. 2011) (en banc).  The government fully acknowledges that the Court need not follow its recommendation, and "is free to give a lesser or greater reduction than [that] recommendation."  *Id.* at 816.  However, Clark's substantial assistance is the "governing principle" in the exercise of discretion and "the reduction may not exceed the value of the assistance."  *Id.* at 816.

For the reasons stated above, the government believes that Clark has provided substantial assistance to law enforcement since sentencing.  The government requests and recommends a 27-month reduction from Clark's current 97-month sentence to reflect that assistance.  If the motion is granted, Clark's new sentence would be 70 months, which would be equivalent to a 3-level reduction from his 97-month sentence.  The ultimate determination of the appropriate sentence in this case is, of course, a matter within the sole discretion of the Court.

                Respectfully submitted,

                PATRICK A. MILES, JR.
                United States Attorney

Dated: April 4, 2014                /s/ Clay Stiffler
                CLAY STIFFLER
                Assistant United States Attorneys
                P.O. Box 208
                Grand Rapids, MI 49501-0208
                (616) 456-2404